**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4176**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MELVIN MAURICIO VALENCIA GIL,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick Charles Young, District Judge.  (3:23-cr-00054-RCY-1)

─────────────

Argued:  May 8, 2026                              Decided:  July 9, 2026

─────────────

Before WYNN, RUSHING, and HEYTENS, Circuit Judges.

─────────────

Affirmed by published opinion. Judge Wynn wrote the opinion, in which Judge Rushing and Judge Heytens joined.

─────────────

**ARGUED:**  Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Lauren Nicole Beebe, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Todd W. Blanche, Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Lindsey Halligan, United States Attorney and Special United States Attorney, Alexandria, Virginia, Robert K. McBride, First Assistant United States Attorney, Shea Matthew Gibbons, Assistant United States

Attorney, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

WYNN, Circuit Judge:

A noncitizen seeking to collaterally attack a post-deportation indictment for illegal reentry must first exhaust his administrative remedies. And where an appeal of the underlying deportation order is allegedly thwarted by ineffective assistance of counsel, then exhaustion requires the noncitizen to timely submit that ineffective-assistance-of-counsel claim to the immigration body with jurisdiction over the proceedings.

Here, Defendant Melvin Mauricio Valencia Gil did not do so. Although he contends that his immigration counsel's untimely appeal to the Board rendered his predicate deportation order unlawful, he failed to substantially comply with the requirements for presenting an ineffective-assistance-of-counsel claim as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). As a result, the Board was never afforded a proper opportunity to consider that claim.

Because Valencia failed to exhaust his administrative remedies, he cannot collaterally challenge the validity of the deportation order underlying his illegal-reentry indictment. Accordingly, we affirm the district court's denial of his motion to dismiss.

I.

A.

Valencia was born in El Salvador in 1989 and entered the United States unlawfully in 2003. In 2018, he was convicted of attempted murder, reckless endangerment, and criminal possession of a weapon. While he was imprisoned for those offenses, Immigration and Customs Enforcement charged Valencia with removability and issued him a Notice to Appear in removal proceedings.

3

Valencia obtained counsel and filed an application for deferral of removal under the Convention Against Torture. On December 9, 2020, he appeared before an immigration judge ("IJ") and conceded removability but pressed for deferral of removal on the grounds that he feared MS-13 gang members would kill him if he returned to El Salvador. Valencia filed an affidavit in support of his claims, and both he and his mother testified at a subsequent hearing.

The IJ denied Valencia's application for deferral of removal. In so ruling, the IJ found that Valencia "failed to testify in a credible fashion" based on "inconsistencies within [Valencia's] own statements to the Court both in writing and orally, and inconsistencies between his testimony and that of his mother." J.A. 230–31.[1] Accordingly, the IJ ordered Valencia removed to El Salvador. The IJ informed Valencia that the deadline to appeal the deportation order was January 8, 2021.

### B.

On December 16, 2020—one week after his hearing before the IJ—Valencia notified his attorney, John Peng, that "he wished to appeal." J.A. 151. Because Valencia indicated that he could not afford the appeal filing fee, Peng sent a fee-waiver-request form "via USPS priority mail" to Valencia at the correctional facility where he was detained. *Id.* The record does not indicate on what date Peng mailed the form.

On January 11, 2021—three days after the deadline for Valencia to appeal the deportation order—Peng received Valencia's completed fee-waiver-request form. The

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

form indicated that Valencia had signed it on December 28, 2020. Peng mailed the fee-waiver-request form to the Board on January 12, along with Valencia's notice of appeal and a motion to accept an untimely notice of appeal. In an attached affidavit filed in support of the motion, Peng stated that "the untimeliness of [Valencia's] Notice of Appeal is a full result of my inability to send him the necessary paperwork for completion." J.A. 152.

In February 2021, the Board denied the motion and dismissed the appeal as untimely. The Board explained that Valencia had failed to provide an adequate explanation for his untimely appeal. It noted that Valencia did not explain why he waited one week to start the appeal application process and did not detail what actions he took once he received the fee waiver form from Peng. Valencia did not move for reconsideration or to reopen the proceedings and was removed to El Salvador.

## C.

Valencia subsequently reentered the United States and was later convicted of state felony charges in Virginia. After completing his sentence on those charges, he was indicted in federal court for illegally reentering the United States. *See* 8 U.S.C. § 1326. Valencia filed a motion to dismiss his indictment, arguing that the IJ's December 2020 removal order was invalid because his attorney's failure to timely file the notice of appeal amounted to ineffective assistance of counsel that had deprived him of the opportunity for judicial review.

The district court denied his motion. It concluded that Valencia had not met his burden to demonstrate that he had satisfied the statutory requirement that he exhaust all

5

available administrative remedies before bringing a collateral attack against his removal order. *See* 8 U.S.C. § 1326(d).

Specifically, the court rejected Valencia's argument that he exhausted his available administrative remedies to appeal the deportation order when the Board denied his appeal as untimely. The district court found that a motion to reopen was an available administrative remedy in which Valencia could have argued that his counsel's incompetence caused the appeal to be untimely. The court also rejected Valencia's argument that his failure to file a motion to reopen—and thus exhaust his administrative remedies—should be excused because that failure was *also* caused by his counsel's ineffective assistance. The court explained that Valencia was required to submit that claim to the Board as well. Additionally, the district court rejected Valencia's argument that his ineffective-assistance claim *was* submitted to the Board through his motion to accept an untimely notice of appeal. The court found that the motion did not substantially comply with the requirements set forth in the Board's 1988 decision in *Matter of Lozada*, which governs the submission of ineffective-assistance claims in immigration proceedings.

Valencia proceeded to a bench trial, was found guilty, and was sentenced to 36 months' imprisonment.

Valencia timely appealed.

## II.

On appeal, Valencia argues that the district court should have granted his motion to dismiss because he received ineffective assistance of counsel in the immigration

proceedings that ultimately led to his removal. But Valencia was required to make that argument to the Board before making it in federal court.

In reviewing a district court's denial of a motion to dismiss an indictment based on a collateral attack on a removal order pursuant to 8 U.S.C. § 1326(d), we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Alas*, 63 F.4th 269, 277 (4th Cir. 2023).

To challenge the validity of a removal order underlying a charge for illegal reentry, a noncitizen must demonstrate that three elements are satisfied: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order," (2) "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review," and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Because we agree that Valencia did not exhaust available administrative remedies, and "[f]ailure on even one [requirement] is fatal to the [noncitizen's] collateral challenge," we affirm the district court's denial of Valencia's motion to dismiss. *United States v. Castro-Aleman*, 141 F.4th 576, 580–81 (4th Cir. 2025).

It is undisputed that Valencia failed to raise the substance of his appeal of the IJ's removal order in a timely fashion before the Board. However, that failure is not necessarily fatal to his collateral attack. This Court recognizes that "procedural irregularities" sometimes "prevent [a noncitizen] from administratively exhausting his remedies" by rendering them unavailable. *Castro-Aleman*, 141 F.4th at 580 (cleaned up). In other words, in situations "where the failure to satisfy § 1326(d)(1) is itself the product of a procedural

7

flaw in the immigration proceeding," this Court will not fault the noncitizen for that failure. *Id.* (cleaned up).

Typically, when an attorney fails to file an appeal as expressly directed by his noncitizen client, that failure constitutes a procedural flaw that renders the administrative remedy—the appeal—effectively unavailable. In such circumstances, the noncitizen is generally excused from satisfying the exhaustion requirement under § 1326(d)(1). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (holding that it is "professionally unreasonable"—and therefore constitutes ineffective assistance of counsel—for an attorney to fail to file an appeal once directed to do so by their client).

But that general rule does not resolve Valencia's case. That's because the very premise of his argument—that his counsel's incompetence foreclosed otherwise available administrative remedies—must itself be presented to the Board to satisfy the administrative-exhaustion requirement. *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and the Court lacks jurisdiction to consider them." (citation omitted)); *see Zuniga v. Garland*, No. 20-2015, 2021 WL 5492806, at *4 (4th Cir. Nov. 23, 2021) (unpublished but orally argued) (holding that this Court could not "consider [the ineffective-assistance-of-counsel claim]—or excuse any failure to exhaust based on ineffective assistance in [Board] proceedings—because this claim, too, should have been presented to the [Board] in the first instance").

Valencia responds in two ways: (1) that the ineffective-assistance-of-counsel argument was unavailable to him before the Board *because of* his incompetent counsel,

8

and alternatively, (2) that he did, in fact, make that argument before the Board by filing the motion to accept his untimely notice of appeal.

But both arguments are foreclosed by our precedent.

First, we have already made clear that the mere fact of ineffective counsel before the Board does not, by itself, excuse a noncitizen from presenting an ineffective-assistance-of-counsel claim before the Board in the first instance. Instead, we require noncitizens to administratively exhaust their ineffective-assistance-of-counsel claims by following the path laid out in *Matter of Lozada*, 19 I. & N. Dec. 637. *Barry v. Gonzales*, 445 F.3d 741, 745 (4th Cir. 2006). Under *Lozada*, the allegedly aggrieved noncitizen asserting ineffective assistance of counsel before the Board must "(1) provide [the Board] an affidavit describing [their] agreement with counsel; (2) inform counsel of the allegation against [them] and provide [them] with an opportunity to respond; and (3) indicate [to the Board] whether a complaint has been filed with the appropriate disciplinary authorities, and if one has not been filed, explain why not." *Id.* at 745–46.

These three requirements collectively ensure "that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000). We thus agree with the district court that, despite faulty counsel below, administrative relief was available to Valencia to raise the initial ineffective-assistance-of-counsel claim.

Second, to the extent Valencia argues that his motion to accept untimely notice *did* substantially comply with *Lozada*, we conclude that the district court did not err in finding to the contrary.

9

Notably, this Court does not enforce the *Lozada* elements mulishly. Instead, we "will reach the merits of an ineffective assistance of counsel claim where the [noncitizen] substantially complies with the *Lozada* requirements, such that the [Board] could have ascertained that the claim was not frivolous and otherwise asserted to delay deportation." *Barry*, 445 F.3d at 746.

Here, however, Valencia did not provide the Board with an affidavit detailing his agreement with Peng, and he did not indicate to the Board whether a complaint was filed with the appropriate disciplinary authority. Valencia also did not expressly assert an ineffective-assistance-of-counsel claim to the Board or even reference *Lozada*. Although Peng's affidavit stated that his "inability to send [Valencia] the necessary paperwork for completion" was the sole reason for the untimely appeal, neither the affidavit nor the motion suggested that "inability" amounted to ineffective assistance. J.A. 152. Without any of this critical information, the Board was not on notice that it had an ineffective-assistance-of-counsel claim before it, and it could not determine whether any such claim was "frivolous and otherwise asserted to delay deportation." *Barry*, 445 F.3d at 746.

Therefore, Valencia did not present his ineffective assistance of counsel claim to the Board as required to satisfy 8 U.S.C. § 1326(d)(1)'s exhaustion requirement.[2]

---

[2] Several of our peer circuits have held that a motion to reopen filed with the Board is the proper way to raise an ineffective-assistance-of-counsel claim after the Board has decided an appeal. *See, e.g.*, *United States v. Castillo-Martinez*, 16 F.4th 906, 915 (1st Cir. 2021); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). This Court, in unpublished opinions, has stated the same. *See Degu v. Holder*, 583 F. App'x 214, 214 n.* (4th Cir. 2014) (per curiam); *Zuniga*, 2021 WL 5492806, at *4. Because Valencia's motion to accept untimely notice of appeal did not substantially comply with *Lozada*, we need not

III.

Because all three of the § 1326(d) elements are mandatory, failure on this element defeats Valencia's collateral challenge to the removal order, and we need not consider the latter two elements. Consequently, we affirm the district court's order denying Valencia's motion to dismiss his indictment.

*AFFIRMED*

---

consider—and do not reach—whether such a motion could ever suffice to present an ineffective-assistance-of-counsel claim in lieu of a motion to reopen.